Haynes, J.
In this case a motion has been submitted to this court to strike out from the second amended petition certain portions of the petition. This raises a question of considerable interest in regard to the extent to which amendments may be allowed in appeal cases after the cases have arrived in this court.
The amended petition is,in substance, the original petition with the addition of a single party and a single averment in regard to him. It sets out, in substance, that the plaintiff recovered a judgment against William W. McConnell, for a certain sum of money, and issued execution upon that judgment, which has been returned “no property found.-’ It then avers that Catherine A. McConnell, who was deceased before the commencement of the action, during her lifetime was the owner of the undivided one-half of three lots in Oliver’s addition to Toledo, Lucas county, Ohio. “That she was a partner and had an interest with defendant, Bridget O’Neill, in operating a flour and grist mill at Toledo, Ohio, under the firm and style of McConnell & Company, said defendants being the only proprietors,’’ That she died in 1890; that at the time of her decease she was the owner in fee simple of the above described property; that is, of the undivided half, and that she was, with the defendant, Bridget O’Neill, operating said flour and grist mill at the place and in the manner aforesaid. That she died intestate, leaving to her husband, William W, McConnell, a dower interest in said real property, and to her daughter, Clare Taylor, the fee pimple title in said real property. That the rents and profits arising from said real property are now and ever since decedent’s death have been enjoyed and received by said JVlcConnell or said Clare Taylor, or both of them, concerning which plaintiff is not informed. That said flour and grist mill is still conducted under the firm name and *642 style of McConnell & Company, and that said McConnell is now, and ever since decedent’s death has been enjoying and receiving the profits and shares arising from said business which said Catherine A. McConnell, deceased, would be entitled to, were she now alive, That said McConnell has a dower interest in said real estate and also an interest in said flour and grist mill business; that the defendant, Clare Taylor, is the only legal heir and legatee of said Catherine A. McConnell,is the owner in fee simple of said real estate, and has an interest in said flour and grist mill business; that said Bridget O’Neill owns and holds an undivided one-half of lots No. 346, etc,, and that Milton Taylor claims some interest in the property. “Wherefore plaintiff asks that said defendants and each of them may be required to answer this petition and fully and truly set up, account for and disclose their respective interests and properties aforesaid; and that said dower interest of said William W. McConnell may be assigned to him, and the same or the rents and profits arising therefrom together with all the rights and interests of all the defendants therein be subjected to the payment of the judgments and costs of this suit, and for all other and further relief, orders and judgment to which the plaintiff may in equity be entitled.”
Now, a judgment having been rendered for the defendants upon the trial of the case upon that petition, the plaintiff below appealed to this court, and after the case was filed here, and at the last term of this court, the plaintiff obtained leave to file an amended petition, denominated a second amended petition.
In that petition they proceed to set out the judgment that was obtained, and then proceed to give a history of the transaction wherein they say that this note upon which the judgment was rendered was executed by a firm known as McConnell & Rockwell, and they claim that McConnell was a partner with a certain party in Findlay, Ohio, for many years under the firm name of McConnell & Rockwell, running a grist mill there; that that firm became insolvent and made an assignment, and the mill property at Findlay was sold and purchased in the name of Mrs. Catherine McConnell, with another party by the name of Kirk, and that it was bid in for a certain sum of money, perhaps $5,500, and a mort *643 gage was given, and thereafter the business was carried on under the name of Catherine McConnell and this man Kirk, but that the whole business was done and the work all performed by William W. McConnell, and, although the property was taken and carried on under the name of Catherine McConnell, William W. McConnell was the real party who carried on the business. That this business was profitable, and with the moneys and profits arising from that business they were able to pay off the mortgage and accumulate money; that finally, some years afterwards, that property was sold at such a price that the McConnells received something like $20,000, and thereafter came to Toledo and purchased this property and an arrangement was made whereby the business was carried on there under the name of Me-' Connell & O'Neill — the property being taken in the name of Catherine McConnell, and the business carried on in the name of the firm as I have stated, but that the purchase price was paid out of the $20,000 aforesaid, and that the business was carried forward from that time until the death of Mrs. McConnell by William W. McConnell, who did all the work and labor,and who had the whole supervision and control of the same as if it had been his own,
In 1890 Mrs. McConnell died, and the business was still continued — Mr. McConnell carrying it on, and the firm name was unchanged; but an undivided one-half of the property devolved by descent upon Mrs. Taylor, and that McConnell had one-third interest in the property. It avers that this whole business was carried on from the beginning to the end in the name of Mrs. Connell — so far as the Mc-Connells were concerned, was put in her name with intent to defraud creditors and with the purpose of keeping it from the creditors of William McConnell. It avers, also, I think, that it was in trust for him — was held for him; that it was his property all the way through; and they pray for a sale of the whole property and that it may be subjected to the payment of the plaintiff’s debt.
Now, the defendant, Mrs. Taylor, prays the court to strike out all that which relates to the fact that the real estate was held in trust for the plaintiff, or all the averments which seek to subject her interest, in the legal title to the property, and the payment of the debts of McConnell, and state that the *644 suit was originally brought simply to subject the dower interets of William McConnell to the payment of this judgment, so far as the real estate was concerned, and not to allow the claim under the averments of the petition, which bring into controversy the title to the whole of the land, which is, in effect, the bringing into the case of a new cause of action after it has come into this court, and they set out that the only jurisdiction of the court is an appellate jurisdiction; and that the bringing into the action of a new cause of action is not the exercise of the appellate jurisdiction of the court, and that this court has no right to assume any such jurisdiction.
The case is a close one, and the question is an interesting one, and perhaps, I may say, a difficult one. We have discussed it at some length,and read generally the authorities; but, in this matter we are keeping pretty close to the Ohio authorities, and the question really is, whether, under the decisions of the Supreme Court of this state and the principles laid down in those cases, this court has authority in this particular case to assume jurisdiction and hear the case upon the second amended petition, and try the question whether the undivided half of this real estate was owned in fact wholly by McConnell,or was held for his benefit. It will be observed that the original petition was brought upon a judgment — that suit was brought upon a judgment which had been obtained by the plaintiff against William McConnell. It was averred that he had no property subject to levy and execution whereby the amount of that judgment could be made; but it was averred that he had an interest in and about this property. It was averred, it is true, that his interest in the real estate was a dower interest, but it was averred that Mrs. Taylor «and McConnell both had an interest in the personal property and income of the business and they prayed that the whole property might be sold and the proceeds applied to the payment of the claim of the plaintiff. Mrs. Taylor was an original party to the suit,and a party before the court,and the question,perhaps,is whether the whole of the land was before the court of common pleas, or whether it can be brought before this court.
The leading cases in the Supreme Court can be found in the 8 Ohio St., the case of Grant, Survivor, etc. v. Ludlow, *645 etc., and a discussion of the question may be found,on page 28. It is a decision by Judge Swan, and it is characterized by the clearness and force with which he was accustomed to discuss legal questions in his life-time.
In that case a suit had been brought to foreclose a mortgage on property in Cincinnati. The mortgage had been given to secure some collateral liability that the plaintiffs had entered into arising out of a pork transaction, which covered a great many thousand dollars and involved a great many questions in regard to guaranty and the rights of those parties, which are unnecessary to discuss here. A hearing was had on that case and a judgment and a bill to review was filed,and the questions ultimately got up to thesupreme court of the state. It came from the district court to the supreme court by reservation, and the court held that it stood in the supreme court in exactly the position that it was in the court of common pleas. After a judgment had been rendered the lawyers began to brush around and they found that they had not got, by quite a majority, the number of parties that they ought to have in the suit; there was quite a host of them outstanding which it was necessary to get before the court before their interests would be concluded or passed upon and adjudicated, and thereupon an amended bill was filed and quite a number of parties were named as parties to be brought into the case, and they came in and answered; one answered one thing and another another, and several of them declared that they had never been brought into the case in the court of common pleas, and that the appellate courl had no jurisdiction over them to try the case,
The case is discussed fully by Judge Swan. I have not time to read it, It would prove profitable reading for every person interested in this question. But, in that case they sustain the right of the court to bring in these respective parties,and to bring them before the court to pass upon their respective claims in this property, It will be -observed in that case that the property itself was before the court; that is to say, the suit had been for the purpose of foreclosing a mortgage and marshal the liens upon the property and have a sale of the property for the payment of the various liens. Incidentally, in passing upon this, and ' coming back-to the *646 original question (for he starts from the beginning), he refers to the case of Massie v. Matthews, 12 Ohio, 352, which was a case wherein suit had been brought for the purpose of selling land and an administrator, or trustee, had been made a party, and such proceedings had been had that the land was sold and disposed of, and afterwards certain parties who were interested in it brought suit in the nature of a bill of review, for the purpose of reviving the action. Under that bill of review the case came up practically as upon petition in error. But, after the case got into the supreme court, it was suggested that the whole judgment had been obtained by fraud, and thereupon they allowed a bill to be filed in that court by the parties who had brought the bill of review, in which they set up that one of the parties who was administrator, or trustee, whichever it was, had colluded with the other party upon the sale of the property and had permitted him to take a decree and a judgment, and that this administrator had benefited by the transaction, and, perhaps, had some of the land. The supreme court permitted the bill to be filed,and passed upon the questions and went through the judgment below and set it aside.
There is a case in 48 Ohio St., Henry v. Jeans (p. 443), in which there is a discussion of this same general principle. In that case a railway company — -the Cincinnati & Muskingum Valley Railway Company, had executed a lease to the Pittsburgh, Cincinnati & St. Louis Railway Company, that is, had leased its road for a certain number of years, for a certain sum of money, and afterwards an action was brought by the Pittsburgh, Cincinnati & St. Louis Railway Company to cancel the lease. Really the Pittsburgh Company wanted to get rid of the lease; it was a little too favorable to the Cincinnati Company — and such proceedings were had in the suit as that a decree was rendered cancelling the lease. Thereupon certain stockholders of the Cincinnati & Muskingum Railway — finally getting awake — concluded that they had some interest in the matter,and made application to the court for leave to file an answer to the original petition — leave after judgment. That leave was granted and they filed, and a certain party of the name of Henry filed his answer on behalf of himself and others, in which he contested the right óf the parties to have the lease *647 cancelled; and thereupon, without having the judgment set aside, he took an appeal, after filing his petition,to the circuit court, from the original judgment rendered by the court of common pleas, and the case came into the circuit court for the seventh circuit, and that court struck his petition from the files, and sent him out of court. Then he took his case to the supreme court, and, in the 47 'Ohio St., the supreme court held that the circuit court had no right to strike his petition from the files, and reversed the action of the circuit court,and sent the case back for trial, and thereupon the court dismissed the petition on the ground that it brought in new matter which had not been m the common pleas and was, therefore, not in their appellate jurisdiction. Thereupon Henry took the case to the supreme court, and the supreme court reversed the action of the circuit court in that case, and had a general discussion as to the jurisdiction, *and they held, referring to the case of Grant v. Ludlow, and other cases, as follows:
“But it is urged,that by the provisions in section 5225 of the Rev. Stats., ‘The circuit court sh»ll have jurisdiction of certain cases as hereinafter provided by appeal; and the trial therein shall be conducted in the same manner as in the common pleas court, and upon the same pleadings, unless amendments are permitted or ordered by the circuit court. ’
And.now the court say:
“If we consider this section in connection with section 5114, it will be apparent that amendments of pleadings and the inserting of new allegations may be permitted under both sections, But there is nothing in the section regulating trials on appeal, that invalidates or renders nugatory amendments permitted under section 5114. If new parties and interest arise or are discovered after appeal, they may be brought under the cognizance of the circuit court, and section 5225 would cover cases of that class, as section 5114 would embrace interests and parties omitted and brought to he notice of the court of common pleas after judgment and before appeal. But the orders of the respective courts authorizing new parties to be made and new pleadings tobe *648 filed, are alike in the interest of justice, and alike to be sustained.”
Chas. Cr. Wilson, Attorney for Defendants.
K. A. Flichinger, C. W. Everett, Attorneys for Plaintiff.
And they have stated before that the statutes should be liberally construed for the furtherance of justice.
Now, under these decisions and under the principles laid down in them, we think, under the facts of this case, we ought to deny the motion that is made here. We think we have a right to allow this amendment to stand. As I have already said, this action is brought upon a judgment rendered by the court in favor of the plaintiff here against the defendant, William McConnell, and it is brought to subject property — the interest of McConnell in this grist mill and in these lots; and although in the first case the position is not very fully stated, yet it sets up very clearly that they are seeking to subject what they then supposed to be his interest in this property. Subsequently, it was discovered that these interests were larger, and thereupon, by amendment, they come in and state what his interest is, and aver in the petition that this property was purchased and held in such a manner that, as between McCbnnell and his creditors, it should be subjected to the payment of his debts. We think that the amendment was within the spirit of this decision which I have read, and therefore the motion of the plaintiff to strike out the second amendment will be denied, or overruled.
I do not pass upon the statxxte of limitations, because that will come up later on.
Thereupon the plaintiff excepted.